UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XAVIER COLEMAN,

       Plaintiff,

v.                                        Case No.  8:16-cv-440-T-24 JSS

HAINES CITY, FLORIDA, ET AL.,

       Defendants.
_____/

**ORDER**

       This cause comes before the Court on two motions: (1) Defendant Haines City, Florida and Haines City Policy Department's Motion to Dismiss (Doc. No. 19), which Plaintiff opposes (Doc. No. 27); and (2) Defendants Giffin, Garcia, and Newell's Motion to Dismiss (Doc. No. 14), which Plaintiff opposes (Doc. No. 26).  As explained below, both motions are granted.

**I.  Standard of Review**

       In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff Xavier Coleman alleges the following in his complaint (Doc. No. 1): On February 24, 2012, a Haines City Police Department ("HCPD") officer, Defendant Gregory Newell, was investigating the theft of Sam Mercado's bike, after Mercado saw someone riding it. During Officer Newell's investigation of the bike theft, Plaintiff's name was given by a suspect and the suspect's father in relation to the theft of the bike.  Additionally, Plaintiff (a minor at the time) was found riding his own bike in the company of someone who was also alleged to have stolen Mercado's bike.  Thereafter, Officer Newell forced Plaintiff's mother to bring Plaintiff to the HCPD for questioning by threatening her with arrest.

Once at the police station, Plaintiff was separated from his mother and interrogated. Plaintiff's mother was denied access to him, she was not allowed to provide Plaintiff with an attorney, and Plaintiff was not given any Miranda warnings.  Another HCPD officer, Defendant Gabriel Garcia, intimidated and pressured Plaintiff to confess, but Plaintiff maintained his innocence.

Thereafter, Plaintiff was told that he had been implicated in a burglary of two houses that had occurred a few days earlier.  Plaintiff told Officers Newell and Garcia that he had nothing to

2

do with the burglaries or the theft of Mercado's bike.

Officers Newell and Garcia, along with HCPD officer, Defendant Terry Giffin, then colluded with each other and came up with a scheme, claiming that Plaintiff and other minors that had been arrested had all confessed.  As a result, the officers filed a false police report, and Plaintiff was charged with three felony counts of burglary of an unoccupied dwelling and grand theft.

Plaintiff spent ten days in jail without any evidence connecting him to the crimes. However, approximately three months later, the charges were terminated by Nolle Prosequi by the State Attorney's Office.  Thereafter, on February 24, 2016, Plaintiff filed the instant lawsuit, in which he asserts three claims: (1) a § 1983 false arrest/false imprisonment claim against the HCPD and Haines City; (2) a § 1983 false arrest/false imprisonment claim against Officers Giffin, Garcia, and Newell in their individual capacities; and (3) a § 1983 malicious prosecution claim against the HCPD and Haines City, as well as Officers Giffin, Garcia, and Newell in their individual capacities.  In response, all of the defendants have moved for dismissal.

**III.  Haines City and the HCPD's Motion to Dismiss**

Haines City and the HCPD move to dismiss the two § 1983 counts asserted against them, arguing: (1) the HCPD is not an entity that can be sued; and (2) Plaintiff has not identified an unconstitutional policy or custom of Haines City that caused him harm.  Additionally, Haines City and the HCPD argue that Plaintiff's request for an award of punitive damages against them must be stricken.  As explained below, the Court agrees with all of these arguments.

**A.  Claims against the HCPD**

The HCPD moves to dismiss the claims against it, arguing that as a police department, it

is not an entity that can be sued.  The HCPD is correct that it is not a proper defendant in this

case.  See Florida City Police Department v. Corcoran, 661 So. 2d 409, 410 (Fla 3d DCA 1995);

Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989); Dean v. Barber, 951 F.2d

1210, 1214-15 (11th Cir. 1992); Post v. City of Fort Lauderdale, 750 F. Supp. 1131, 1133 (S.D.

Fla. 1990).  Accordingly, the claims against the HCPD are dismissed.

### B.  Claims against Haines City

Next, Haines City moves to dismiss the claims against it, arguing that Plaintiff has not

identified an unconstitutional policy or custom of Haines City that caused him harm.  The case

law is clear that although a city can be held liable under § 1983, a plaintiff cannot simply rely on

the theory of *respondeat superior*.  See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir.

2004).  As explained by the court in Brown:

> It is only when the execution of the government's policy or custom .
> . . inflects the injury that the municipality may be held liable.  A
> county does not incur § 1983 liability for injuries caused solely by its
> employees.  Nor does the fact that a plaintiff has suffered a
> deprivation of federal rights at the hands of a municipal employee
> infer municipal culpability and causation.  Instead, to impose § 1983
> liability on a municipality, a plaintiff must show: (1) that his
> constitutional rights were violated; (2) that the municipality had a
> custom or policy that constituted deliberate indifference to that
> constitutional right; and (3) that the policy or custom caused the
> violation. . . . A plaintiff seeking to hold a municipality liable under
> § 1983 must identify a municipal 'policy' or 'custom' that caused the
> plaintiff's injury. . . .  In order for a plaintiff to demonstrate a policy
> or custom, it is generally necessary to show a persistent and wide-
> spread practice.  This threshold identification of a custom or policy
> ensures that a municipality is held liable only for those deprivations
> resulting from the decisions of its duly constituted legislative body or
> of those officials whose acts may fairly be said to be those of the
> municipality.  This prevents the imposition of liability based upon an
> isolated incident.   Rather, the incident must result from a
> demonstrated practice.

Id. at 1289-90 (internal citations and quotation marks omitted).

In the instant case, the only allegation regarding Haines City having an unconstitutional policy or custom that caused Plaintiff harm is the following:

> Upon information and belief that [sic] HCPD has a long-standing policy, procedure, custom and tradition of deliberate indifference to violations of constitutional rights through the use of excessive force by officers occasioned by deficiencies in training, supervision, and disciplinary policies. These HCPD policies, procedures and customs were the moving force behind the trampling of Plaintiff's constitutional rights.

(Doc. No. 1, ¶ 30).  Thus, Plaintiff only identifies a policy or custom of constitutional violations through the use of excessive force, yet there are no allegations in the complaint regarding the officer defendants physically touching him.  As such, Plaintiff has not even come close to sufficiently identifying an unconstitutional policy or custom of Haines City that caused him harm.  Therefore, the claims against Haines City must be dismissed.

### C.  Request for Punitive Damages

Next, Haines City and the HCPD argue that Plaintiff's request for an award of punitive damages against them must be stricken.  While the Court has already dismissed the claims against these defendants, the Court notes that municipalities are immune from punitive damages under § 1983.  See City of Newport v. Fact Concerts, Inc., 101 S. Ct. 2748, 2762 (1981).

### IV.  Officers Giffin, Garcia, and Newell's Motion to Dismiss

Officers Giffin, Garcia, and Newell ("Officer Defendants") move to dismiss certain claims that Plaintiff may be attempting to assert against them.[1]  Alternatively, they move to

---

[1]The Officer Defendants do not move to dismiss the § 1983 claims for false arrest/false imprisonment and malicious prosecution.

strike certain allegations and/or for a more definite statement, given the poorly pled allegations in the complaint.  The Officer Defendants identify several deficiencies, and the Court will address each below.

### A.  Additional Claims

The Court has identified two claims asserted against the Officer Defendants:  (1) a § 1983 false arrest/false imprisonment claim; and (2) a § 1983 malicious prosecution claim.  However, because Plaintiff alleges that the Officer Defendants colluded with each other and came up with a scheme of claiming that Plaintiff and other minors had confessed (which included the Officer Defendants filing a false police report), the Officer Defendants are unsure if Plaintiff is also attempting to assert a claim of conspiracy to violate § 1983.

In his response, Plaintiff contends that he is attempting to assert the additional claim of conspiracy to violate § 1983 against the Officer Defendants.  However, the Court finds that the single sentence implicitly asserting such a claim is not sufficient.  Instead, Plaintiff will be permitted to amend his complaint to add a separate count of conspiracy to violate § 1983 against the Officer Defendants.

Next, the Officer Defendants are concerned that an allegation in the "DAMAGES" section of the complaint—that the Officer Defendants violated Plaintiff's substantive due process rights to be free from arbitrary government conduct—is an attempt by Plaintiff to assert an additional § 1983 claim based on a violation of his substantive due process rights.  (Doc. No. 1, ¶ 52a).  Plaintiff responds that he is asserting a substantive due process claim for his false arrest and prosecution without probable cause based on an Eighth Circuit case, which is not binding on this Court.

6

This Court is not persuaded by Plaintiff's argument.  Furthermore, the Supreme Court has held that a plaintiff's claimed right to be free from prosecution without probable cause is not a substantive due process right.  See Albright v. Oliver, 114 S. Ct. 807, 811 (1994).  Accordingly, the Court agrees with the Officer Defendants that to the extent that Plaintiff is attempting to assert an additional § 1983 claim based on a violation of his substantive due process rights, such a claim fails and is dismissed.

In his response brief, Plaintiff also states that he is asserting a procedural due process claim.  However, no such claim appears to be asserted in his complaint, and as such, the Court finds it unnecessary to address Plaintiff's argument on this issue.

**B.  Poorly Pled Allegations**

Next, the Officer Defendants argue that Plaintiff's complaint is an improper shotgun pleading, and as a result, they ask the Court to strike certain allegations.  The Officer Defendants first argue that if Plaintiff is asserting the additional claim of conspiracy to violate § 1983, such a claim is not well-pled.  The Court has already addressed this argument and is granting Plaintiff leave to amend his complaint to add a separate count of conspiracy to violate § 1983 against the Officer Defendants.

Next, the Officer Defendants argue that the "DAMAGES" section of the complaint should be stricken.  The Court does not agree that the entire damages section should be stricken.  However, the Court agrees that paragraph 52a—which states that the Officer Defendants violated Plaintiff's substantive due process rights to be free from arbitrary government conduct—should be stricken as irrelevant.

Next, the Officer Defendants argue that the Court should strike the sentence in paragraph

15 of the complaint, in which Plaintiff alleges that his mother was not allowed to provide him with an attorney, in violation of his Fifth and Sixth Amendment rights.  The Officer Defendants argue that this allegation is irrelevant and is included solely to inflame the reader.  While the Court will not strike the entire sentence, the Court agrees that Plaintiff's reference to his Fifth and Sixth Amendment rights is irrelevant and confusing.  Thus, Plaintiff may keep the allegation that his mother was not allowed to provide him with an attorney, but the Court strikes the portion of the allegation that states that such conduct violated his Fifth and Sixth Amendment rights.

Next, the Officer Defendants point out that the first sentence in paragraph 32 of the complaint makes absolutely no sense.  This sentence reads: "The actions of Defendants in front again Plaintiff, lead to insufficient duration of suspension."  (Doc. No. 1, ¶ 32).  The Officer Defendants ask that the Court require Plaintiff to fix this sentence to make it intelligible, as they cannot decipher what Plaintiff is attempting to allege.  The Court agrees that Plaintiff needs to fix this allegation in paragraph 32 before the Officer Defendants can meaningfully respond to it.  When filing the amended complaint, Plaintiff must fix this allegation.

**V.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendant Haines City, Florida and Haines City Policy Department's Motion to Dismiss (Doc. No. 19) is **GRANTED**.

(2)  Defendants Giffin, Garcia, and Newell's Motion to Dismiss (Doc. No. 14) is

**GRANTED to the extent that:**

(a)  The Court concludes that Plaintiff has not sufficiently pled the additional claim of conspiracy to violate § 1983 against the Officer Defendants.

However, Plaintiff is permitted to amend his complaint to add a separate count of conspiracy to violate § 1983 against the Officer Defendants.

(b)     To the extent that Plaintiff is attempting to assert § 1983 claims based on violations of his procedural and substantive due process rights, such claims are not sufficiently pled and are dismissed.

(c)     The Court strikes paragraph 52a, which states that the Officer Defendants violated Plaintiff's substantive due process rights to be free from arbitrary government conduct.  Additionally, the Court strikes the portion of paragraph 15 that states that certain conduct violated Plaintiff's Fifth and Sixth Amendment rights.

(d)     The Court directs Plaintiff to amend paragraph 32 in order to make it intelligible.

(3)   Plaintiff is directed to file an amended complaint by ***June 27, 2016.***  Plaintiff is only permitted to amend his complaint as set forth in this order—to add the conspiracy claim, to delete the specified allegations and attempted claims, and to fix paragraph 32.  If Plaintiff wishes to make any other changes, he must first confer with opposing counsel, and if opposing counsel agrees to the additional amendment(s), Plaintiff may file the amended complaint with additional amendments by June 27, 2016.  If Plaintiff wishes to make any other changes and opposing counsel does not agree to the additional amendment(s), Plaintiff must file a motion to amend with the proposed amended complaint attached.

9

**DONE AND ORDERED** at Tampa, Florida, this 14th day of June, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record